**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**TIMOTHY E. BROWN,**

**Plaintiff,**

**vs.** **Case No. 4:26cv44-MW-MAF**

**PUBLIX SUPERMARKET 1427,**

**Defendant.**
**_____________________________/**

## REPORT AND RECOMMENDATION

On June 25, 2026, Defendant filed a notice of Plaintiff's noncompliance with this Court's prior Order, ECF No. 23, which granted Defendant's motion to compel, ECF No. 20. Defendant requested sanctions be imposed for Plaintiff's failure to serve full and complete interrogatory answers, respond to Defendant's First Request for Production, and submit his Rule 26 initial disclosures. ECF No. 31.

Defendant complains that Plaintiff has "refused to provide basic discovery" and has failed to "meaningfully respond to Defendant's repeated attempts to confer." *Id.* at 2. Plaintiff's actions have "prevent[ed] Defendant from obtaining the information necessary to evaluate Plaintiff's

claims, prepare defenses, and complete discovery by the Court's deadline." *Id.* at 3. Thus, Defendant requests that this case be dismissed with prejudice as a sanction for Plaintiff's failure to comply with Court Orders and participate in discovery.

Prior to ruling on Defendant's motion, Plaintiff was afforded an opportunity to file a response. ECF No. 32. Plaintiff was required to do so no later than **July 13, 2026**, and he was warned that this Court might "grant Defendant's motion 'by default' if Plaintiff 'does not file a memorandum as required by'" Local Rule 7.1(H). *Id.* As of this date, Plaintiff has not complied. Plaintiff has filed nothing in response either to Defendant's motion, ECF No. 31, or this Court's Order, ECF No. 32.

Rule of Civil Procedure 37(b)(2)(A) authorizes the Court to impose sanctions on a party who "fails to obey an order to provide or permit discovery." Seven options for sanctions are available to the Court. Those include: "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;" "striking pleadings in whole or in part;" "staying proceedings until the order is obeyed;" or "dismissing the action in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(ii)-(v). Plaintiff has been warned of those sanctions in

multiple Court Orders. ECF Nos. 19, 26, 30. Those warnings did not gain Plaintiff's attention or action.

This Court finds that if Plaintiff was prevented from supporting his claims, that sanction still leaves Defendant at a disadvantage and without discovery. Striking pleadings does nothing to move this case forward, and staying the case will not be beneficial to the cause of justice. Indeed, as Defendant has argued - staying the case would "reward noncompliance and further delay Defendant's ability to defend the case." ECF No. 31 at 11. A case should move forward toward resolution, but if a party is unwilling to participate in doing so, the case should not remain pending. Doing so is a burden both on this Court's docket and on the Defendant who is unable to move forward.

Multiple opportunities have already been provided to the Plaintiff to move this case forward and comply with the rules concerning discovery. Indeed, from the start, Plaintiff has refused to participate in good faith as he refused to confer with opposing counsel in creating a discovery plan. Defendant filed a unilateral Rule 26(f) Report, ECF No. 17, because Plaintiff would not confer as required by the Initial Scheduling Order, ECF No. 10. Plaintiff was warned in the Final Scheduling Order that he was

"required to participate in discovery" and warned of sanctions for his failure to do so, including dismissal of this case. ECF No. 19 at 2.

Just a month later, Defendant filed its motion to compel. ECF No. 20. Plaintiff's response to that motion was insufficient. ECF No. 21. He did not explain why he was unable to respond to Defendant's discovery requests and, more importantly, why he refused to respond to Defendant's multiple inquiries. Thus, the motion to compel was granted and Plaintiff directed to provide the outstanding discovery. ECF No. 23. Plaintiff has still not complied. *See* ECF No. 26. Moreover, a small fee award[1] was provided to Defendant, ECF No. 30, but it appears that Plaintiff has failed to pay that award as well. In short, multiple warnings have been given to Plaintiff which did not prompt his compliance. Multiple Court Orders were issued and lesser sanctions imposed, with no effect. Plaintiff has ignored Court Orders and his responsibilities in prosecuting his own case.

Even pro se litigants must comply with orders and the Federal Rules of Civil Procedure. "If a pro se litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant." Moon v. Newsome,

[1] Defendant requested an award of $1,776.40, ECF No. 25-1, but considering Plaintiff's pro se and in forma pauperis status, the award was reduced to $439, representing only one hour of lead counsel's time. ECF No. 30 at 6-7.

863 F.2d 835, 837 (11th Cir. 1989) (quoted in Watts v. Ford Motor Co., 648 F. App'x 970, 973 (11th Cir. 2016)). At this point, it does not appear that any other sanction could be imposed by the Court which would bring Plaintiff into compliance or provide Defendant with outstanding discovery to which it is entitled. Dismissal is appropriate.

"Because dismissal with prejudice is a drastic remedy, a court will impose it as a last resort 'only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1338 (11th Cir. 2005) (internal quotation marks omitted) (quoted in Watts, 648 F. App'x at 973). This case has reached last resort as Plaintiff has refused to even respond to a Court Order or motion for sanctions.

In addition to the sanctions which are available under Rule 37(b), "Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action with prejudice '[i]f the plaintiff fails ... to comply with these rules or a court order.'" Watts, 648 F. App'x at 973. That Rule also provides a basis to dismiss this case.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Defendant's motion for sanctions, ECF No. 31, be **GRANTED** and this case be **DISMISSED** with prejudice as a sanction for Plaintiff's failure to participate in good faith in discovery and to comply with Orders from this Court.

**IN CHAMBERS** at Tallahassee, Florida, on July 15, 2026.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**