# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

TIMOTHY E. BROWN,

     *Plaintiff,*

v.                                **Case No.: 4:26cv44-MW/MAF**

PUBLIX SUPERMARKET 1427,

     *Defendant.*

_____/

## ORDER ACCEPTING IN PART AND REJECTING IN PART
## REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 33, and has also reviewed *de novo* Plaintiff's objections, ECF No. 35. As noted in the report and recommendation, Plaintiff has repeatedly failed to comply with his discovery obligations, including failing to comply with a court Order compelling discovery, ECF No. 23. Plaintiff's common refrain, however, is that his failure to comply is not in bad faith and that he is merely ignorant of his responsibilities as a *pro se* plaintiff. Moreover, Plaintiff's objections assert he has attempted in good faith to comply with discovery, including by appearing and participating at depositions on July 9, 2026 (after the pending motion for sanctions was filed). ECF No. 35 at 2. Of course, his assertion of acting in good faith is undermined by his conduct in failing to comply with his obligations and a clear order compelling discovery, which explained his obligations.

Although the Magistrate Judge understandably recommends dismissal with prejudice as a sanction for Plaintiff's obstinate failure to comply with his discovery obligations and a court Order regarding the same, this is "the most severe Rule 37 sanction and is not favored." *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993). But, unlike *Phipps*, this is not a case where the plaintiff flat-out expressly refused to comply with discovery, including appearing at his own deposition. *See id.* ("Then plaintiff declared, *after* he had been flatly threatened with dismissal, that he 'had no intention' of appearing at his own deposition or at discovery conferences."). While a close call, this Court believes a lesser sanction is appropriate rather than the dismissal with prejudice that the Magistrate Judge recommends.

Accordingly,

**IT IS ORDERED**:

The report and recommendation, ECF No. 33, is **accepted in part and rejected in part**, as this Court's opinion. Defendant's motion for sanctions, ECF No. 31, is **GRANTED in part and DENIED in part**. The motion is **GRANTED** insofar as this Court is ordering sanctions for Plaintiff's continued noncompliance with his discovery obligations but **DENIED** to the extent that Defendant requests dismissal with prejudice. Instead, Plaintiff is prohibited from relying on any witness, document, category of damages, computation of damages, medical provider, employment information, social media evidence, prior proceeding, or other

information that Plaintiff failed to disclose in discovery or his Rule 26(a)(1) disclosures. In addition, it is deemed established, for the purposes of this action, that Plaintiff has no documents responsive to Defendant's First Request for Production except those already properly produced to Defendant. Plaintiff is prohibited from introducing at summary judgment, hearing, or trial any document or information not properly produced to Defendant by the Court-ordered deadline.

Finally, this action is **STAYED** until Plaintiff pays the $439.00 sanction previously imposed, and which is due on July 31, 2026. *see* ECF No 30. Plaintiff may purge the stay sooner upon payment of the sanction. This Court leaves the question of any further extension for the payment deadline to the Magistrate Judge's consideration, *see* ECF No. 34 (pending motion for extension of deadline to pay sanction).

This matter is referred back to the Magistrate Judge for further proceedings.

**SO ORDERED on July 24, 2026.**

**s/Mark E. Walker**
**United States District Judge**

3